IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO

| | |
|---|---|
| AKILAH GILLETTE, | )<br>) |
| *Plaintiff,* | )<br>) |
| v. | )<br>) Case No.:_____ |
| RUSH UNIVERSITY MEDICAL CENTER | )<br>) Honorable Judge _____ |
| *Defendant.* | )<br>) Honorable Magistrate Judge _____ |

**PLAINTIFF, AKILAH GILLETTE'S, COMPLAINT AT
LAW AND DEMAND FOR JURY TRIAL**

Plaintiff, AKILAH GILLETTE ("Plaintiff" or "Gillette") files her Complaint against RUSH UNIVERSITY MEDICAL CENTER, ("Defendant" or "Employer" or "Rush"), and with respect to her claims of actionable discriminatory conduct on behalf of the Defendant, states the following:

**NATURE OF THE CLAIMS**

1. This action is for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* (hereinafter "Title VII").

2. This action is to address Defendant's unlawful employment practices against Plaintiff and other persons of color, including discrimination, harassment, hostile work environment, and retaliation.

3. Plaintiff alleges that Defendant engages in a pattern and practice of discrimination and the promulgation of a hostile work environment, intentionally and systemically, on the basis of Plaintiff's race as a person of African American descent.

1

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the Title VII claims herein pursuant to 42 U.S.C. § 2000e, as this action involves federal questions regarding deprivation of Plaintiff's civil rights.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

**THE PARTIES**

6. Plaintiff is a citizen of the United States, and is and was at all material times herein, a resident at 2729 West Polk Street, Apt. 2, Chicago, Cook County, Illinois 60612.

7. Plaintiff previously worked for Defendant, at its main campus located at 1620 West Harrison, Chicago, IL 60612. Plaintiff was employed by Defendant from August 19, 2019 until February 8, 2021.

8. At all relevant times herein, the Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

**ADMINISTRATIVE REQUIREMENTS**

9. Plaintiff is compliant with all statutory and administrative prerequisites in advance of filing this action.

10. On or about April 1, 2021, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), **Charge No.: 440-2021-01858**. See Charge of Discrimination attached as **Exhibit 1**.

11. The Plaintiff's charge was filed within the timeframe set by the EEOC and/or IDHR, within 300 and 180 days, respectively after the alleged unlawful employment practices occurred.

12. On or about May 4, 2021, Plaintiff received the Notice of Rights to Sue issued on behalf of the EEOC. See Notice of Rights to Sue attached as **Exhibit 2**.

13. This Complaint followed the EEOC's regulations, and thus was filed within ninety (90) days of the receipt of Notice of Rights.

14. Plaintiff was hired by Employer on or about August 19, 2019 as a Patient Food Service Associate ("food service associate" or "position").

15. Gillette was a model employee and "success" story according to Employer, as she was featured in the internal newsletter, InsideRush. See November 2, 2020 Email attached as **Exhibit 3**.

16. In or about November or December 2020, Plaintiff began to observe various violations of implemented COVID policies by food service staff.

17. As a result, Gillette reported the same to her direct supervisors, including Vivian Lee ("Lee").

<u>Defendant Promulgates Hostile Work Environment Upon Plaintiff</u>

18. Almost immediately after informing management of the violation of COVID procedure, Gillette was subjected to harsh work conditions dissimilar to her non-black colleagues.

19. For example, Gillette was subjected to increased personal monitoring throughout her shift, placed on the COVID floor without proper PPE (i.e. masks, gloves, etc), and physically restricted from entering the hospital[1]. See December 17, 2020 Email attached as **Exhibit 4**.

20. Lee's harassment and dissimilar treatment of Plaintiff was observed and documented by multiple employees of Rush, including Antonio Tyson, Liwen Li, and Melissa Nunez. See SMS Messages attached collectively as **Exhibit 5**.

---

[1] In or about December 2020, Gillette's parking transponder was barred access to the parking garage without reason or notice from management for a period over a significant period of time.

21. In or about January 2021, during a union meeting with food service staff, Lee and Gillette engaged in a verbal discussion, whereby Lee used her position to intimidate Gillette, and upon Plaintiff not being coerced, Lee concocted the falsified version of events alleging erroneously that Gillette had "attacked" her.

22. These falsified allegations led to Gillette's suspension from duties at the end of January, and ultimately her unjustified termination on February 8, 2021.

<u>Lee Intentionally Misrepresents Reasoning For Gillette Termination to Illinois Department of Employment Security ("IDES")</u>

23. Sometime after her termination in or about March 2021, Gillette applied for unemployment benefits through IDES.

24. Initially the application was denied due to the alleged misconduct reported to the agency by Lee, whereby Lee doubled down on the falsehood that Gillette had "attacked" her..

25. However, as per her rights, Gillette appealed the department's initial decision and the hearing was held on April 20, 2021 in front of an Administrative Law Judge ("ALJ").

26. Per the IDES record, Lee appeared and called a witness who was later found to be not credible by the ALJ, James J. Rammelkamp ("ALJ Rammelkamp").

27. Ultimate ALJ Rammelkamp concluded that the Employer's allegations lacked sufficient credibility and that Gillette was proven to be the more credible witness and her testimony was corroborated with evidence. See IDES Appeal Determination attached as **Exhibit 6**.

## COUNT I
### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C § 2000, *ET SEQ*.

28. In the alternative and without prejudice to any of Plaintiff's other claims, Plaintiff restates and realleges every allegation contained in Paragraphs 1 through 27 of this Complaint as though set forth more fully herein.

29. At all relevant times regarding this action, Plaintiff is a protected employee within the meaning of Title VII of the Civil Rights Act.

30. Plaintiff is and was always relevant herein, an African American female employed by the Defendant.

31. At all relevant times, Plaintiff's work was supervised and directed by Vivian Lee, a white woman who is the Manager of the Food Service Department.

32. Thusly and pursuant to the protections of this statute, the Defendant is prohibited from engaging in discriminatory practices based upon race, relevant to hiring, employee compensation, terms and conditions of employment, privileges of employment and discharge.

33. The Defendant has violated Title VII of the Civil Rights Act with regard to Plaintiff, insomuch as it has unlawfully disregarded the rights of Plaintiff to be situated similarly regarding job status, and to be provided equitable, safe, and fair, work conditions and in the same manner as Rush's white and/or non- black employees within her role and department.

34. Furthermore, the Defendant also engaged in prohibited conduct upon allowing its agent, Lee to utilize racially motivated falsehoods in order to falsely portray Gillette as a "violent" "aggressive black woman".

35. Said language is indicative of racial tones and epithets describing the black people as brutish, unruly, and dangerous.

36. In light of the above most unwarranted events, no substantive sensitivity or workplace inclusion training was conducted or specified, even as Plaintiff and other employees made mention of the same.

37. Based upon the above, the Defendant willfully and intentionally discriminated against Plaintiff based upon her race and ethnicity.

38. As a direct and proximate result of Defendant's actions and conduct, Plaintiff has

5

and continues to suffer, lost wages, lost benefits, as well as mental and emotional anguish, including but not limited to humiliation, embarrassment, stress and anxiety.

39. Due to the above losses experienced by Plaintiff, she is entitled to an award for monetary damages and other relief as deemed appropriate by this court.

40. Further, Defendant's unlawful action in violation of Title VII of the Civil Rights Act is malicious and intent on damaging Plaintiff, as the same has been conducted in conscious disregard of Plaintiff's civil rights, this entitles Plaintiff to an award of exemplary and/or punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant as follows:

a. Order the Defendant to pay compensatory damages in an amount certain to be proven at trial;

b. Order the Defendant to pay punitive damages in an amount certain to be proven at trial;

c. Award Plaintiff reasonable attorneys' fees, expert fees, or any other fees or costs associated with prosecuting this action; and

d. Award Plaintiff pre- and post-judgment, interest, costs, and such other further relief this Court may deem just and appropriate.

## COUNT II
### RETALIATION FOR EXERCISE OF RIGHTS UNDER TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq.*

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, as if fully set forth herein.

42. Plaintiff complained of ongoing and repeated harassment, differential treatment, and hostile work environment.

43. In retaliation to Plaintiff's complaints, reports, and protests of harassment, differential treatment, and a hostile work environment, Defendant and its agent Lee subjected

6

Gillette to racially derogatory comments, and unwarranted labels, and all without regard to her rights under Title VII as a dually protected person.

44. At all relevant times herein, Plaintiff was performing all of her job duties in a manner that met or exceeded Rush's legitimate business expectations, as evidenced by Gillette's invitation to be featured as a "success" story in the InsideRush newsletter.

45. The discriminatory actions by Rush's agent Lee were intentional and willful, and in deliberate disregard of, and with reckless indifference to, the federal laws, state laws, and the rights and sensibilities of Plaintiff.

46. Lee retaliated against and ultimately caused Plaintiff to be treated differently in terms of employment opportunities than non-black employees, specifically after subjecting her to the above volatile environment and after she had filed several grievances addressing the violations of COVID and safety procedures; further as a direct and proximate result of Lee's overzealous falsehoods, Gillette was placed on suspension without pay and later terminated.

47. Defendant and/or its agent knew or should have known that the above actions were in violation of Title VII and any alleged reasons to the contrary are pretextual.

48. Further, Employer's pretextual excuse of Gillette's work product "suffering" were false, as Plaintiff showcased various instances where she met and/or even exceeded Rush's expectations as outlined above, and ultimately her feature in the company's monthly newsletter proves the same.

49. The actions of Rush and its agent in retaliating against Plaintiff has caused her great mental anguish, humiliation, degradation, and emotional pain and suffering, loss of professional reputation, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant as follows:

a. Order the Defendant to pay compensatory damages in an amount certain to be proven at

trial;

b. Order the Defendant to pay punitive damages in an amount certain to be proven at trial;

c. Award Plaintiff reasonable attorneys' fees, expert fees, or any other fees or costs associated with prosecuting this action; and

d. Award Plaintiff pre- and post-judgment, interest, costs, and such other further relief this Court may deem just and appropriate.

Dated this 22nd day of July 2021

**COLE SADKIN, LLC**
Mason S. Cole
Dean J. Tatooles
Vani Vedam
Mark Johnson
20 South Clark Street, Suite 500
Chicago, Illinois 60603
(312) 548-8610
mcole@colesadkin.com
dtatooles@colesadkin.com
Firm ID: 49001
ARDC # 6307727
*Counsel for Plaintiff*

Respectfully Submitted,
By: /s/ Mason S. Cole
*One of Plaintiff's Attorneys*

## **JURY DEMAND**

NOW COMES Plaintiff, by and through his counsel COLE SADKIN, LLC, and respectfully requests that this court hold a trial by jury on all merit-based claims herein.

Respectfully Submitted,

/s/ Mason S. Cole
*One of Plaintiff's Attorneys*
